BUNDAY *v.* COLUMBUS MACHINE CO.

1. SALES—BREACH OF WARRANTY—ACTION BY BUYER.
    An action for breach of warranty of quality in goods sold does
    not lie in advance of the actual transmission of the title to
    the buyer.

2. SAME—TRANSFER OF TITLE—EXECUTORY CONTRACTS.
    Where a contract for the sale of machinery provides for its de-
    livery to the buyer and for payment of the price in install-
    ments and that the title shall remain in the seller until the
    purchase price is fully paid, the contract is merely executory,
    and title is not thereby transferred to the buyer subject to a
    lien in behalf of the seller for the unpaid portion of the pur-
    chase price.

Error to Clinton; Stone, J.   Submitted November 17,.
1905.   (Docket No. 144.)   Decided January 24, 1906.

Assumpsit by Fred P. Bunday against the Columbus
Machine Company for breach of a contract for the sale of
a certain engine.   There was judgment for plaintiff, and
defendant brings error.   Reversed.

*Nash, Lentz, Addison & Fritter* and *William M. Smith,* for appellant.

*Lyon & Moinet,* for appellee.

MONTGOMERY, J. Plaintiff and defendant, in August, 1903, entered into a contract having the form of a proposal and acceptance, in the following terms:

"COLUMBUS MACHINE CO.,
"Columbus, Ohio,
"Manufacturers of Gas and Gasoline Engines.
"Mr. F. P. BUNDAY,
"St. Johns, Mich.

"We propose to furnish and deliver f. o. b. cars Columbus, Ohio, one 40 H. P. gasoline engine, specified as follows:

"HORSE POWER. The engine shall be of 40 actual horse power, and shall be tested at our works before shipment, and 40 actual horse power shall be developed.

"SUPPLIES. There shall be furnished by us with each gasoline engine one 56x14 in., one 30x12 in. drive pulley; one set of batteries with spark coil (batteries guaranteed for period of three months when properly installed); switch and 20 feet of wire; 100 gal. gasoline tank; necessary wrenches, oilers, and muffler; but no piping unless specified in this contract. All piping and fittings for gasoline and water. All exhaust pipe and fittings to extend out of engine room. One plunger pump for water circulation. One exhaust pot. One 24x14 in. friction clutch pulley for line shaft 2 3-16 in. bore.

"FOUNDATION. You are to build foundation according to plans furnished by us, and you are to furnish a competent man to assist in installing engine.

"DEFECTIVE MATERIAL. We will furnish free of charge any defective part or parts for a period of one year. Also guarantee the engine not to use to exceed one gallon of 74 degrees gasoline per horse power per ten hours when developing full load.

"TERMS. Price ($1,150) eleven hundred and fifty dollars, payment to be made as follows: As soon as the engine is set and running successfully, I agree to pay three hundred dollars ($300) cash and one St. Johns 25 H. P. gasoline eng. complete f. o. b. cars St. Johns. One hundred and twenty-five dollars ($125) in 60 days from starting engine, one hundred dollars ($100) in four months and

one hundred dollars ($100) in six months from starting engine. With interest at 6 per cent. per annum, secured by note subject to strikes, fires or other unavoidable causes.

" Ownership. Said engine shall not belong to you until the price herein stipulated shall be paid in full. Until the price herein stipulated is paid in full, the title and ownership in said engine is to be and to remain in the Columbus Machine Company, and said engine and machinery so furnished shall not become a part or parcel of the real estate to which it is attached, or be permanently attached to said real estate, but said engine and machinery shall be and remain the personal property of the Columbus Machine Company. Engine to have air starting outfit.

" Respectfully submitted,

" Columbus Machine Company,
" Per H. C. King.

" Acceptance. The above proposal, especially that part thereof reading as follows: ' Said engine shall not belong to you until the price herein stipulated shall be paid in full. Until the price herein stipulated is paid in full, the title and ownership in said engine is to be and to remain in the Columbus Machine Company, and said engine and machinery so furnished shall not become a part or parcel of the real estate to which it is attached, or be permanently attached to said real estate, but said engine and machinery shall be and remain the personal property of the Columbus Machine Company'—is hereby accepted this 28th day of August, 1903.

" Columbian Manfg. Co.,
" Per F. P. Bunday.

" Engine must be delivered, on cars, Columbus, Ohio, within one week from above date."

The engine was shipped and received by the plaintiff and set up on a foundation prepared for that purpose; the 25 horse power engine referred to in the contract was delivered to defendant, but the cash payment provided has not been made. It was soon discovered that the engine furnished by defendant failed to answer the guaranty as to the quantity of gasoline required, and after some delay and negotiations this action was brought. On a trial before a jury a recovery was had by plaintiff, and the case is brought before us for review on error.

The action is for a breach of warranty of quality. The case presents two questions which are controlling: *First,* whether, if the contract be held an executory one and not one evidencing a completed sale, an action for a breach of warranty lies; and, *second,* whether the title had, in this case, passed to plaintiff. There is no serious contention made by plaintiff that such action does lie in advance of the actual transmission of title. The authorities negative the right. See Benjamin on Sales (7th Ed.), p. 662; *Frye* v. *Milligan,* 10 Ont. 509. Plaintiff, however, contends that there was in this case a completed sale with a reservation of title in defendant by way of security only. The circuit judge so held and permitted a recovery based on that contention. This was error. The contract is not equivocal in its terms. The provision is express and precise that the title shall remain in the vendor until the purchase price is paid. And, unless we do violence to the language employed, we must hold that the intention to reserve title is expressed. The case is not to be distinguished in this respect from *Harkness* v. *Russell,* 118 U. S. 663. Contracts of similar import have been frequently held by this court to amount to executory contracts only. *Whitney* v. *McConnell,* 29 Mich. 12; *Smith* v. *Lozo,* 42 Mich. 6; *Marquette Manfg. Co.* v. *Jeffery,* 49 Mich. 283; *Baird* v. *Furniture Co.,* 98 Mich. 457; *Fuller* v. *Byrne,* 102 Mich. 461; *Pettyplace* v. *Manufacturing Co.,* 103 Mich. 155; *Ryan* v. *Wayson,* 108 Mich. 519.

Plaintiff's counsel rely chiefly upon the cases of *Chicago Railway Equipment Co.* v. *Merchants' Bank,* 136 U. S. 268; *Choate* v. *Stevens,* 116 Mich. 28 (43 L. R. A. 277); and *Van Den Bosch* v. *Bouwman,* 138 Mich. 624. In *Chicago Railway Equipment Co.* v. *Merchants' Bank,* the contract was materially different from the one under consideration here, as is manifest from the finding of the trial judge (approved by a majority of the Supreme Court) that any one contemplating a purchase of the notes would draw the inference that the freight cars had already been sold by the payee to the maker, and that the

payee was to retain a lien and security upon them in the way of mortgage. It was held that, so construed, the contract was an executed one. The present case is quite different. In its very terms the contract is executory and cannot be construed as indicating a previous sale. So in *Choate* v. *Stevens,* which followed *Chicago Railway Equipment Co.* v. *Merchants' Bank,* supra, a delivery of the property which furnished the consideration for the note had, *in fact,* occurred long before the note was given. *Van Den Bosch* v. *Bouwman* in no way departs from the cases above cited. The question there presented was whether, when a title note authorized the original owner to retake the property and sell it, applying the proceeds on the note, such sale when made was on account of the maker or payee of the note. It was held that the contract should be enforced according to its terms.

For the error pointed out, the judgment is reversed, and a new trial ordered.

GRANT, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.