MONEYWEIGHT SCALE CO. *v.* DAVID.

1. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW.
   This court will not pass on questions which were not presented to the trial court.

2. RECOUPMENT—SALES—BREACH OF WARRANTY.
   Recoupment will not lie for breach of warranty of an executory contract of sale, under which title was not to pass on delivery but at the completion of the stipulated payments, and until the price has been paid no right of action on the warranty is available.

3. INTEREST—APPEAL AND ERROR.
   On error to review a judgment for the price of certain scales which included an excessive amount of interest, the judgment may be entered for the correct amount, which plaintiff's attorney consented to accept, remitting the excess.

Error to Kent; Perkins, J. Submitted April 28, 1913. (Docket No. 113.) Decided March 28, 1914.

Assumpsit in justice's court by the Moneyweight Scale Company against Joseph David and Deeb Hattem on a promissory note. From a judgment for defendants, plaintiff appealed to the circuit court. Judgment for plaintiff on a directed verdict. Defendants bring error. Reduced and affirmed.

*E. J. Doyle,* for appellants.
*Hall & Gillard,* for appellee.

McALVAY, C. J. Plaintiff recovered judgment against defendants upon a directed verdict in a suit brought on a promissory note executed by them for the amount due upon such note. Plaintiff is engaged in selling certain computing scales to the trade upon written orders, by the terms of which the title to the

property remains in plaintiff until the purchase price is paid; the payment of the price, except the initial sum of $10, being deferred according to the terms of the promissory note printed upon the same blank which contains the contract order for the scales. The contract order is of considerable length. It was given November 8, 1910, by defendants for two computing scales of the capacity of two pounds each, to be shipped to them at Grand Rapids, Mich., for which they agreed to pay the sum of $70, $10 cash with the order, and the balance, $60, payable as evidenced by the note attached to the order, $5 each month, beginning March 1, 1911, and continuing to February 1, 1912. The order provided, among other things, that, should there be any failure to promptly pay such note or any payment thereon when due, or if plaintiff should feel itself insecure, or if defendants should be sued and their property levied upon, then the whole unpaid balance of the purchase price should, at the option of plaintiff, without notice, become due and payable, and possession might be taken of the scales without legal process, unless an extension in writing was given, and previous payments should be considered as having been made for the use of the scales, during the time they remained in the custody of defendants. It was further agreed that title to the scales should not pass from plaintiff until paid for in full, and until such time the scales would remain the property of plaintiff; also that bringing any suit for the price of the scales would not operate to vest the title thereto in defendants, but such title should remain in plaintiff until any judgment recovered for such purchase price should be paid, and, in case of recovery, all costs and attorney fees should be paid by defendants. It was further agreed that the scales were to be held by defendants at their own risk pending the vesting of title in them, and no injury, loss, or destruction of said

scales, by any cause whatever, except plaintiff's fault, should release defendants from their obligation to pay the purchase price therefor, and the contract was to remain in full force and effect as to any other scale that might be sent in exchange for those originally delivered. It was agreed that the contract and order should not be countermanded, and covered all the agreements between the parties. Defendants certified that they had read the contract and acknowledged receipt of a duplicate. This contract was duly executed by defendants. The following is a note given at the time:

"$60.00. State, Mich. Town, Grand Rapids. Date, Nov. 8, 1910.

"For value received I (or we) promise to pay to the order of Moneyweight Scale Co., 47 State St., Chicago, Illinois, sixty dollars ($60.00) dollars, payable as follows:

| | | | |
|---|---|---|---|
| Jan. 1, 1912, | $5.00 | July 1, 1911, | $5.00 |
| Feb. 1, 1912, | $5.00 | Aug. 1, 1911, | $5.00 |
| Mch. 1, 1911, | $5.00 | Sept. 1, 1911, | $5.00 |
| April 1, 1911, | $5.00 | Oct. 1, 1911, | $5.00 |
| May 1, 1911, | $5.00 | Nov. 1, 1911, | $5.00 |
| June 1, 1911, | $5.00 | Dec. 1, 1911, | $5.00 |

"New York or Chicago Exchange.
[Sign here]    "DAVID & HATTEM."

There was printed under the signature a statement that "the above note draws interest at six per cent. per annum from date of shipment or delivery if delivered by salesman," also if payments were promptly made interest would be waived, otherwise full interest would be charged, and, if the account was paid in 30 days, 5 per cent. discount would be allowed.

After the execution of the order and note, the scales were delivered to defendants at their place of business. A guaranty in writing, dated on the same date, was delivered to defendants by plaintiff's agent, whereby it was guaranteed that these scales, Nos. 287,521 and 287,606—

"Will weigh correctly any article capable of being weighed on it and should the scales get out of order at any time within two years from date of shipment with ordinary use (not dropped or broken) will repair the same gratis, the purchaser paying the freight or express charges to and from the factory.

"We further guarantee that all pound and ounce graduations within the capacity of this scale which carry corresponding computations are commercially correct, and we hereby guarantee to indemnify and protect the purchaser of this scale against loss resulting from possible suits by competing manufacturers charging infringement of patents."

This case was begun in justice's court May 23, 1911.

"Plaintiff declares orally on all the common counts in assumpsit specially on written contract, to plaintiff's damage, $500. The defendants pleaded orally general issue and recoupment."

From the time the writings were made and entered into, as stated, and the scales in question were delivered to defendants by plaintiff's agent, defendants, who were engaged in business as partners, conducting a confectionery store in the city of Grand Rapids, used these scales in their business continuously up to January 1, 1911, when defendant David sold his interest in that business to his partner Hattem and a Mr. Malobey, who, as partners, continued the business and used the scales in question continuously up to February 20, 1911, when, upon inspection by the city sealer of weights, one of these scales was not passed by him, and the firm was ordered not to use it.

Concerning the foregoing facts in this case as stated, there is no dispute in the record. There was a disputed fact in the case between these parties concerning which the court in his charge to the jury said:

"It is claimed on the part of plaintiff that when they were notified that the scales were out of order they immediately sought to repair them, and that the de-

fendants refused to permit a repair and insisted that the plaintiff take that pair of scales back.

"On the other hand, the defendants claim that they notified the plaintiff, and the plaintiff neglected to repair them and continued to neglect to repair them after the suit was brought. That is a question of fact which, if the case should be submitted to the jury, would be for the jury to determine, and it is practically the only question of fact in the case."

Defendants have removed the case to this court upon writ of error for review. Defendants rely upon but two of the errors assigned, namely, that the court erred in taking the case from the jury and directing a verdict for plaintiff, and also that the court erred as to the amount of the verdict directed.

Defendants in their brief urge that there was a substituted contract or novation. This is based upon the claim made for the first time in this court by them that the guaranty was not given to defendants by plaintiff but was given to their successors, Hattem & Malobey, as appears from the copy of such guaranty printed in the record. An examination of the entire record shows that neither by notice under the plea of the general issue, nor by any testimony, nor by any claim made by or on the part of defendants does it appear that the question of novation was mentioned or in any manner brought to the attention of the trial court, and the claim is made for the first time in their brief filed in the case that the guaranty was given to Hattem & Malobey. The rule that questions not raised and passed upon in the trial court will not be considered for the first time in this court is too well settled to require discussion.

The defense interposed in this case is based upon the notice of recoupment. The amount of damages claimed which defendants consider they are entitled to does not appear in the evidence. The court, in directing a verdict, held that this was an entire contract, and, "if the contract is to be repudiated, it must be

repudiated as an entirety and not as a part of it only," and also held that:

"There is no right under the law given to defendants to recoup damages in a case like this. The law is that, until the title passes, there can be no recovery for a breach of guaranty, and the title has not passed to the defendants in this case and cannot pass until they have paid for the scales. And any claim for damages by way of recoupment under these circumstances under the law cannot be allowed."

By the recoupment sought to be recovered, defendants are undertaking to recover for a breach of the warranty given by plaintiff. In this case it appears that this was an executory contract; that title did not pass and, under the agreement, would not pass until full payment of the agreed price. The court, therefore, was not in error in so holding. *Bunday* v. *Machine Co.*, 143 Mich. 10, at page 13 (106 N. W. 397, 5 L. R. A. [N. S.] 475), and cases cited. It follows that the court properly instructed a verdict for plaintiff.

Defendants' next contention is that the amount of the judgment directed was erroneous; that no credit was given for the months of January and February, 1911, which they claim has been paid. This is clearly a mistake, for the reason that the written order and note which was used at the time of the argument and left with the court for examination shows that the first payment became due March 1, 1911, and thereafter on the 1st day of each month following a payment of $5 became due for 12 months, until the amount of $60 would be paid. This would require the payment of $5 to be paid on January 1, 1912, and also a like amount on February 1, 1912. The printed blank upon which this order and note were written contains 12 spaces, in 3 columns of 4 each, in which to write payments for each of the 12 calendar months. Beginning with the 1st of March, 1911, when the note

shows the first payment was due, down to the 1st of December, 1911, were spaces for but 10 payments, making $50 of the balance due, and no spaces were left for the two remaining payments except on the blank above the first payment. These two last payments are distinctly written in the blank as follows: "Jan. 1, 1912, $5.00. Feb. 1, 1912, $5.00"—so that in position on the note the last two payments are written first and might readily be taken to be the first two to become due, unless care was taken in reading the year in which a payment was to occur.

Neither of the defendants testified that more than $10 ever had been paid upon this contract, nor is there any such evidence in the case.

The sole remaining question is whether interest on the balance due was correctly computed. Each payment on this note would draw interest at 5 per cent. from the date it became due until November 13, 1912, the date of the entry of the judgment. A computation shows that the entire sum of interest amounts to $3.67, which, added to the principal, $60, gives $63.67. This makes an excess of interest amounting to $3.53. During the trial, or when the court directed a verdict for the amount as computed by plaintiff's attorney, no objection whatever was made on the part of defendants that such computation was incorrect.

Other portions of the charge are criticised in appellants' brief, but, as no exceptions were taken or errors assigned upon them, this court will not consider them.

We find no reversible error in the case, and, as counsel for plaintiff in his brief is willing to remit any excess of interest which may have been included in the amount of the verdict, judgment of the circuit court will stand affirmed for the sum of $63.67, with costs in favor of plaintiff.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.