## FISHELL v. FISHELL.

1. EXECUTORS AND ADMINISTRATORS—EVIDENCE — ADMISSIBILITY — SERVICES—EXPECTATION OF PAY.

Testimony by the mother that plaintiff, a son, stayed at home under an agreement to work the farm on shares, but, because they were in debt, his share was applied on the debt with the understanding with the father that he would be compensated later, was admissible for the pur-

pose of showing that plaintiff rendered services with the expectation that he would be compensated therefor, in a claim against his father's estate.

2. APPEAL AND ERROR—WITNESSES — COMPETENCY — SAVING QUESTION FOR REVIEW.

An objection that the mother was incompetent, under the statute (3 Comp. Laws 1915, § 12555), to testify as to an admission made by the father during the marriage that he was indebted to the son for services, raised for the first time on appeal, will not be considered.

3. TRIAL—COURT RULES—SPECIAL QUESTIONS—SUBMISSION.

In view of Circuit Court Rule No. 42, subd. 4, providing for the submission of special questions to the jury at the conclusion of the testimony, it cannot be said that it was error for the trial court to refuse to submit a special question tendered during the closing argument, even though such question was otherwise proper.

4. SAME—ARGUMENT OF COUNSEL.

An argument by plaintiff's counsel that the mother and sisters and every one interested in the case except contestant approved plaintiff's claim, *held*, not reversible error, in view of the fact that the parties referred to were all witnesses and testified in plaintiff's behalf.

Error to Lapeer; Williams, J. Submitted April 9, 1919. (Docket No. 9.) Decided May 29, 1919. Rehearing denied June 13, 1919.

Clarence Fishell presented a claim against the estate of Miles A. Fishell, deceased, for services rendered. The claim was allowed by the commissioners, and Rozell Fishell appealed to the circuit court. Judgment for claimant. Contestant brings error. Affirmed.

*Herbert W. Smith,* for appellant.

*Theo. D. Halpin,* for appellee.

BIRD, C. J. Clarence Fishell, the plaintiff, filed a claim for services against his father's estate for $2,752 and it was allowed by the commissioners. On appeal

in the circuit court the claim was allowed at the sum of $2,807.96.

The circumstances under which the services were rendered were, in substance, these: Miles Fishell, the father of plaintiff, was a farmer and resided in Lapeer county. Clarence worked at home on the farm until he was of age. He reached his majority in February, 1902. Both his father and mother were anxious that he should remain on the farm, and we infer from the record that the father made an arrangement with him to work the farm on shares. This arrangement appears never to have been carried out because of certain indebtedness on the farm which they were desirous of paying. After the indebtedness was paid additional land was purchased and another debt incurred. This indebtedness, however, was paid before the father died, in May, 1915. The arrangement to work the farm on shares never having been carried out, plaintiff filed a claim against the estate for the value of his services. The claim was contested by his brother, Rozell Fishell, who insisted that the plaintiff had an agreement with the father to work the farm on shares and that having such agreement he could not now claim wages as compensation.

1. Lena Fishell, the mother of plaintiff, testified over defendant's objection, as follows:

"(a) Now, did you have any talk with Clarence about that time about staying at home?

"A. Yes. I told him to stay at home and we had to have him or some one else.

"(b) Were you out of debt at that time?

"A. No, sir.

"(c) How much did you owe on the place?

"A. About $400 on the 80.

"(d) What did Mr. Fishell ever say about Clarence's share?

"A. Why, he said he wanted him to have a share, but as we were in debt, why, to take it all for to pay

up our debt, and when we get out of debt I am going to see that Clarence gets his pay."

(*a*) This question and answer should be considered with two other questions and answers which followed:

"*Q*. Was anything said about compensation or pay?
"*A*. Yes, sir. I told him he would get his pay.
"*Q*. Did he ever tell you or intimate he would stay there for nothing?
"*A*. No, sir."

The trial court was of the opinion that the testimony was competent for the purpose of showing that plaintiff rendered the services with expectation that he would be compensated therefor. The testimony appears to have been competent for that purpose.

(*b* and *c*) If the arrangement to work the farm on shares was not carried out by reason of the indebtedness, it was competent and material to show that there was indebtedness and it was not error to show the amount of it. It also furnished an explanation why plaintiff had not been compensated from time to time as he did the work.

(*d*) This question was objected to because immaterial. The answer was material as tending to establish the contract relation between the father and son. It was, in substance, an admission by the father that he was indebted to the son and that he intended he should be paid as soon as the debts were out of the way.

Another, and more serious, objection is now raised to the admission of this testimony, namely, that the mother was not a competent witness under the statute (3 Comp. Laws 1915, § 12555). The statute referred to reads:

"Nor shall either, during the marriage or afterwards, without the consent of both, be examined as to any communication made by one to the other during the marriage."

Plaintiff replies to this objection, that it was not raised at the time Mrs. Fishell was sworn, nor was it raised in the trial court, and that under the well-known rule of this court that it will not consider objections that are not first raised in the trial court, this objection ought not to be considered. We think plaintiff's point is well taken. For the reason stated the objection will not be considered. *Benson* v. *Bawden,* 149 Mich. 584 (13 L. R. A. [N. S.] 721) ; *Moneyweight Scale Co.* v. *David,* 180 Mich. 8.

2. Error is assigned upon the refusal of the trial court to submit to the jury a special question which was tendered to him during the closing arguments. Plaintiff makes the point that the special question was not tendered within the time which the rule prescribes. Circuit Court Rule No. 42, subd. 4, provides that:

"When special questions are to be submitted to a jury, such questions shall be prepared by the party requesting their submission, and presented at the conclusion of the testimony to the court and counsel for the opposite party, and before the beginning of the argument the court shall indicate what special questions shall be submitted to the jury."

In view of this rule we cannot say that the trial court was in error in refusing to submit the question, even though it were otherwise proper.

3. Plaintiff's counsel in his argument to the jury made use of this language:

"This claim meets the approval of the mother, and the sister Blanche, and the sister Mrs. Wallace, and every one interested in this case except Rozell."

It is urged that this argument was prejudicial, that it was an attempt by plaintiff to prejudice the jury against Rozell, the contestant. The parties referred to in plaintiff's argument were all witnesses and testified in behalf of plaintiff. Ordinarily it does not take long for the average juryman to discover the leanings

of a witness and it is very doubtful whether counsel, in making use of this language, informed the jurors of anything which they were not already apprised of. The argument was not reversible error.

There are other assignments of error relating to the charge of the court. We think a discussion of them is unnecessary as we have examined them and found them without merit. The case was a simple one, very well tried by both counsel, and was followed by an excellent charge by the court covering the entire situation.

We are of the opinion that the judgment should be affirmed.

OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.