GROENLAND v. PHŒNIX SPRINKLER & HEATING CO.

1. SALES—CONDITIONAL SALES—BREACH OF WARRANTY—RIGHT OF ACTION—COMMON LAW.
    At common law an action for breach of warranty upon a conditional sales contract would not lie, but this has been changed by the uniform sales act (3 Comp. Laws 1915, §§ 11900, 11901), which permits recovery by the buyer of money paid on the contract and expenditures made in efforts, concurred in by the seller, to make the machine perform.

2. SAME—CONTRACTS—BREACH OF WARRANTY.
    A guaranty by the seller of a milk-cooling machine to maintain certain temperatures in the milk-cooler box and to cool the water in the tank to a certain temperature is construed to be a guaranty to maintain said temperatures while the warm milk passed over the coil of pipes, since the purpose of cooling the water was to cool the milk.

3. APPEAL AND ERROR—CASE NOT REVERSED IF TRIAL JUDGE RIGHT ON THEORY OF CASE ALTHOUGH COUNSEL CLAIM OTHERWISE.
    Where the trial judge was right in trying a case as one

[1]Sales, 35 Cyc. p. 712 (Anno); [2]Id., 35 Cyc. p. 419; [3]Appeal and Error, 4 C. J. § 2556.

for breach of warranty, judgment for plaintiff is not reversed, on review, although his counsel claim it was one for rescission, under which theory there could be no recovery under the record, because no rescission was shown.

4. CONTRACTS—RESCISSION—REQUIREMENTS OF RESCISSION.
Rescission requires an election to rescind, notification thereof, and return, or offer to return the goods.

5. SALES—BREACH OF WARRANTY—ACCEPTANCE—ESTOPPEL.
If the buyer of a guaranteed machine accepted it, or by act estopped himself from taking the position that he refused to accept it, even though the property therein did not pass because of the conditional sale, he cannot maintain an action for breach of warranty under 3 Comp. Laws 1915, § 11900, subd. c.

6. SAME—ESTOPPEL—ACCEPTANCE—BREACH OF WARRANTY.
Whether the buyer of a milk-cooling machine, by writing a letter of acceptance after the machine was installed and by later making a payment thereon, accepted the machine and was thus estopped from maintaining an action for breach of warranty, *held*, a question for the jury.

Error to Kent; Brown (William B.), J.   Submitted April 28, 1927.   (Docket No. 93.)   Decided December 1, 1927.

Assumpsit by John Groenland against the Phœnix Sprinkler & Heating Company for money paid on a conditional sales contract.   Judgment for plaintiff.   Defendant brings error.   Reversed.

*J. T. & T. F. McAllister*, for appellant.

*Cornelius Hoffius* and *Dorr Kuizema*, for appellee.

WIEST, J.   Plaintiff had in his dairy a home-made milk-cooling device.   Defendant solicited him to purchase its cooling machine, and he did so under a conditional sales contract containing a guaranty:

---

[4]Contracts, 13 C. J. §§ 676, 679; Sales, 35 Cyc. p. 146; [5]Id., 35 Cyc. p. 712 (Anno); [6]Id., 35 Cyc. p. 483.

"We guarantee this model 150 Lipman Machine Full Automatic Refrigerating Machine to be of sufficient capacity to maintain temperatures as follows:  35 degrees Fh. in the milk cooler box and to cool water in tank to 35 degrees Fh."

The machine was installed about July 1, 1924, did not meet the guaranty, was replaced by a larger one and efforts made and money expended by plaintiff to make it work, but, plaintiff claims, without success. Plaintiff knew, in October, 1924, that the machine did not meet the guaranty, and soon thereafter discontinued its use.  Plaintiff gave no notice of election to rescind the contract for breach of the warranty, nor did he return the machine or offer to return it.  In May, 1925, defendant took possession of the machine, as it had a right to do, for default in payments under the contract.  In October, 1925, plaintiff brought this suit to recover moneys he paid on the contract and expenditures in trying to make the machine a success, and, in the circuit, obtained a judgment for $632.62. Defendant reviews by writ of error.

The contract price for the machine was $1,662. Plaintiff paid $112 when he signed the contract, agreed to pay $200 upon installation and $75 each month for 17 months.  October 20, 1924, plaintiff made the $200 payment, but claims he did so on the assurance that the machine would be made to perform.  At the close of the evidence defendant moved for a directed verdict on the ground that the action was for breach of warranty and such an action could not be maintained upon a conditional sales contract.  At common law an action for breach of warranty upon a conditional sales contract would not lie.  *Moneyweight Scale Co.* v. *David,* 180 Mich. 8.  But the uniform sales act (3 Comp. Laws 1915, § 11900) provides:

"Where there is a breach of warranty by the seller, the buyer may, at his election:  *  *  *  Refuse to

accept the goods, if the property therein has not passed, and maintain an action against the seller for damages for breach of warranty."

And section 11901 provides:

"Nothing in this act shall affect the right of the buyer   *   *   *   to recover money paid where the consideration for the payment of it has failed."

The statute in this respect has changed the common law, and, for breach of warranty, permitted a recovery by plaintiff of money paid on the contract and expenditures made in efforts, concurred in by defendant, to make the machine perform.

To cool the milk it was passed over pipes through which cold water circulated. Defendant claims the guaranty was only to bring the water in the tank to the stated temperature, and not to maintain it while the warm milk passed over the coils of pipes, and the court was in error in holding the guaranty reached the result both parties had in mind. The court took a common-sense view of the guaranty, and accorded it a meaning fully warranted by its terms. The purpose of cooling the water in the tank was to send it at such temperature through the coils to cool the milk. Defendant also claims that the machine brought the water in the tank to the guaranteed temperature, but admits that it did not maintain it when the warm milk flowed over the coils, and, as stated, insists the guaranty did not require maintaining the temperature. We think defendant mistaken. Plaintiff wanted a machine to cool milk and defendant installed its machine to cool the milk. To cool the milk it was necessary to maintain the low temperature of the water in the tank, for that water fed the coils. Defendant also claims that plaintiff wanted a scheme for cooling carried out in a way that would not work, and was so informed at the time of installation. This hardly comports with the guaranty, and, at the most, but

gives a reason for failure to perform the guaranty but no excuse for keeping plaintiff's money.

Attorneys for plaintiff state in their brief:

"That plaintiff's theory has always been one of rescission of the contract. * * * The declaration does not count on the warranty of the guaranty clause at all. * * * It is, therefore, our contention that there is no question of a suit on a breach of warranty on conditional sales contract involved in the case at bar."

If we hold the action one based upon rescission, then the trial judge and counsel for defendant misconceived the issues to plaintiff's advantage, for, under the evidence and the provisions of the uniform sales act, plaintiff had no right of action based on rescission. We cannot, however, reverse the trial judge for being right, even though counsel unintentionally and erroneously present a reason for doing so. The declaration set up the contract and guaranty, installation and failure of the machine to perform, and removal thereof for that reason. This alleged breach of warranty, even though termed rescission by the pleader, in the following language:

"And plaintiff shows that prior to such rescission of the contract and retaking of such refrigerating equipment by defendant, he had paid," etc.

Rescission requires an election to rescind, notification thereof, and return, or offer to return the goods. Plaintiff showed no rescission, and the learned circuit judge was right and counsel for defendant not mistaken in considering the suit one for breach of warranty. If plaintiff accepted the machine, or by act estopped himself from taking the position that he refused to accept it, then, even though the property therein did not pass because of the conditional sale, he cannot maintain an action for breach of warranty.

240—Mich.—40.

Such is but the converse of the right given by 3 Comp. Laws 1915, § 11900, subd. (*c*).

October 16, 1924, and after the machine had been installed about four months, plaintiff signed and gave defendant a letter for use in inducing others to buy, and reading as follows:

"October 16, 1924.

"PHŒNIX SPRINKLER & HEATING CO.,
  "Refrigeration Division,
    "115 Campau Avenue,
      "Grand Rapids, Michigan.

"*Gentlemen:*   I am pleased to advise you that the model 200 Lipman Automatic Refrigerating Machine which we purchased from your Mr. Longfield last summer is very satisfactory.

"Our milk is bottled and placed in the cooler early in the afternoon.   With our Lipman Automatic we are free to leave the creamery as we know that the machine will work until the milk is cooled to just the right temperature and stop itself when it is reached. The Automatic also reduces the work of the machine to our absolute refrigeration needs.

"I looked at several different machines before deciding to buy the Lipman, and after having used it all summer, I would heartily recommend it to any one contemplating the purchase of a refrigerating machine. Another thing which made us decide on the Lipman was the fact that it is installed and serviced by a responsible concern right here in Grand Rapids.
"Yours very truly,<br>
"RIDGEWAY DAIRY,<br>
Per JOHN GROENLAND."

That letter was an acceptance, unless the giving of it is explained in a manner to lead a jury to find it was understood by both parties not to be such, or the circumstances surrounding the giving of it were such as to show that neither party has a right to treat it as expressive of the true attitude of plaintiff.   This presented a question of fact, and the court was in error in instructing the jury that the breach of warranty was established and plaintiff was entitled to damages

and directing the jury to assess damages only. Four days after this letter was given plaintiff paid defendant $200, and what we have said about the letter applies with equal force to the effect of this payment.

For the error in directing the jury to consider only the question of damages, the judgment is reversed and a new trial granted, with costs to defendant.

SHARPE, C. J., and BIRD, FELLOWS, CLARK, and MCDONALD, JJ., concurred.

The late Justice SNOW and Justice STEERE took no part in this decision.