BURKETT *v.* OIL AUTOMATIC HEATING CORPORATION.

1. SALES—UNIFORM SALES ACT—IMPLIED WARRANTY NOT NEGATIVED BY EXPRESS WARRANTY UNLESS INCONSISTENT.
    Under the uniform sales act (3 Comp. Laws 1915, § 11846), an express warranty does not negative an implied warranty unless they are inconsistent.

2. SAME—WHERE PURPOSE KNOWN TO SELLER IMPLIED WARRANTY OF FITNESS EXISTED NOTWITHSTANDING EXPRESS WARRANTY.
    Where the purchaser of an automatic oil heating · plant made known to the manufacturer the purpose for which he desired it, and that he relied on its· skill and judgment ·in furnishing ·him one suitable to his purpose, he had a right· to rely on an implied warranty of fitness, although there was an express warranty that the equipment was free from defects in material and workmanship and agreeing to replace any defective parts within the period stated; the express warranty being in no way inconsistent with the implied warranty (3 Comp. Laws 1915, § 11846, sub. 6).

Error to Wayne; North (Waiter H.), J., presiding.

¹Sales, 35 Cyc. p. 392; ²Id., 35 Cyc. p. 402; 22 L. R. A. 187; 15 L. R. A. (N. S.) 868; 31 L. R. A. (N. S.) 783; 34 L. R. A. (N. S.) 737; L. R. A. 1917F, 472; 24 R. C. L. 188; 3 R. C. L. Supp. 1364; 4 R. C. L. Supp. 1531; 5 R. C. L. Supp. 1276; 6 R. C. L. Supp. 1409.

Submitted January 3, 1928.    (Docket No. 21.)    Decided February 14, 1928.

Assumpsit in justice's court by Jack Burkett against the Oil Automatic Heating Corporation for breach of warranty on a sale.    There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff.    Defendant brings error. Affirmed.

*Bratton & Bratton,* for appellant.

*Edward L. Bryant,* for appellee.

FELLOWS, J.    Supported by the evidence and not against its weight, the trial judge found that plaintiff made known the purpose for which he desired an automatic heating device to the defendant, a manufacturer of such a device using oil as a fuel and having a thermostatic control, and that he relied on defendant's skill and judgment in furnishing him a heating plant adaptable to his purpose, and that the plant furnished by defendant totally failed in its purpose.    The testimony shows that plaintiff owns a house having several apartments, some of which are rented.    Both he and his wife are employed and away from home during the day and he desired an automatic heating device which would not need constant attention to keep the rented apartments warm during their absence.    The defendant first installed a so-called "Breeding" oil burner, but it was unsatisfactory and at an added price it installed an "Electro."    There is no doubt on this record that defendant knew of plaintiff's purpose, and that plaintiff relied on defendant's skill and judgment in furnishing a device that would effectuate such purpose.    There is an abundance of testimony that the device installed did not accomplish its purpose, and that plaintiff's tenants during the day, and he and his wife when at home suffered much

from a want of heat.    There is testimony that the service department of defendant frequently went to plaintiff's home to make adjustments and there is some testimony that requests for such service were met by undue delay.    The parties came to the parting of the ways when an explosion and resultant fire endangered plaintiff's home and he ordered the outfit taken out.

Plaintiff claims that under the uniform sales act (Act No. 100, Pub. Acts 1913 [3 Comp. Laws 1915, § 11832 *et seq.*]), there was under the facts an *implied warranty* of fitness, while defendant contends that there was an express warranty and that none can be implied.    We need not quote the "guarantee" found in the contract between the parties. For the purposes of the case we assume it to be an express warranty warranting that the equipment is free from defect in material and workmanship, and agreeing that defendant will replace any defective parts within the period therein stated.    It does not go further than this.    The applicable provisions of the uniform sales act (3 Comp. Laws 1915, § 11846) are as follows:

"Implied warranties of quality.    Subject to the provisions of this act and any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment; whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose.    *    *    *

"(6) An express warranty or condition does not negative a warranty or condition implied under this act unless inconsistent therewith."

In the instant case the express warranty that the equipment was free from defects in material and workmanship is in no way inconsistent with the implied warranty of fitness provided for in the statute. Both counsel call our attention to numerous cases but neither of them cited *Pentland* v. *Jacobson,* 189 Mich. 339, which to our mind is decisive of the question.   In that case it was held (quoting from the syllabus):

"Under Act No. 100, Pub. Acts 1913, § 15, and subd. 6, an express warranty does not preclude the existence of and reliance upon an implied warranty unless the two are inconsistent."

As this case follows the unambiguous language of the statute and is controlling, we need not take time to discuss and distinguish the numerous cases cited.

The judgment must be affirmed.

WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.   NORTH, J., did not sit.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.