BOLIBRZUCH *v.* GAFFKE.

1. APPEAL AND ERROR—VARIANCE.
   Variance between pleading and proof is not reversible error, in absence of showing of prejudice.

2. SAME—HUSBAND AND WIFE—WITNESSES.
   That one defendant, called by plaintiff, testified to some extent against his wife, another defendant, without her consent or that of her counsel (3 Comp. Laws 1915, § 12555), may not be raised for first time in Supreme Court.

3. SAME—PARTIES—REAL PARTY IN INTEREST.
   That plaintiff is not real party in interest is not open to review, where raised only on motion for new trial, to denial of which no exceptions were taken.

4. SAME—EVIDENCE—TRANSCRIPT OF TESTIMONY AT FORMER TRIAL.
   Admission of transcript of testimony at former trial of a defendant who was also witness in present trial, if erroneous, must be held to be without prejudice, where record does not disclose its contents or show that it was harmful to defendants.

5. SAME—EVIDENCE UNDER COUNT WITHDRAWN—INSTRUCTIONS.
   In action for fraud under declaration containing count on tres-
   pass and count on conspiracy, reception of testimony on con-
   spiracy count, although insufficient to make case, was not
   prejudicial, where offered in good faith, and said count was
   withdrawn by trial judge, who instructed jury to disregard all
   such testimony.

6. TRIAL—MISTRIAL—WITHDRAWING THEORY OF CASE.
   It is not the rule that mistrial must follow because of prejudice
   where theory of recovery or defense has to be withdrawn
   because of insufficient evidence; good faith of attempt being
   important.

Error to Wayne; Moynihan (Joseph A.), J.  Sub-
mitted April 9, 1930.  (Docket No. 28, Calendar No.
34,298.)  Decided June 2, 1930.

Case by Wladyslaw Bolibrzuch against Jacob
Gaffke and others for fraud in exchange of real
estate.  From verdict and judgment for plaintiff,
defendants bring error.  Affirmed.

*Davidow & Davidow,* for plaintiff.

*Harry J. Lippman,* for defendants.

CLARK, J.  Plaintiff, affirming an exchange of cer-
tain interests in real estate, sued defendants, claim-
ing damages for fraud in the exchange.  He had
verdict for $9,079, and, because of motion for new
trial and conditional granting thereof and remitti-
tur accordingly, judgment was entered for plaintiff
for $6,000.  Defendants bring error.
1.  Variance between pleading and proof is con-
tended.  Plaintiff exchanged his property for eight
certain lots and a small house and lot, and, at once
dissatisfied with the house and lot, defendants gave
him instead three other lots.  The declaration avers
fraud in respect of the transactions by which he ac-

quired the eight lots and the three lots, omitting recital of the facts relative to the small house and lot. Assuming variance, there is an entire absence of showing of prejudice on account thereof, and therefore it will not be held to be reversible error. 38 Cyc. p. 1547, note; *Barton* v. *Gray,* 57 Mich. 622.

2. One defendant, called by plaintiff, testified to some extent, at least, against his wife, another defendant, the wife not being in court and neither she nor her counsel giving express consent (3 Comp. Laws 1915, § 12555). Counsel do not point out the page of the record where this was called to the attention of the trial judge, or where the question was raised in the trial court. We have searched the voluminous record with care and do not find it so raised. It cannot be raised for the first time in this court. *Fishell* v. *Fishell,* 206 Mich. 308.

3. It is urged that plaintiff is not the real party in interest. Where this question is saved for review is not pointed out. Counsel for plaintiff have briefed their own theory of recovery, and have given scant attention to assignments of error, which is not helpful to the court. Our own search reveals the point raised only on a motion for new trial, to the denial of which no exceptions were taken. The matter therefore is not open on review.

4. Plaintiff offered in evidence court stenographer's transcript of testimony of a defendant, a witness in a former trial and in this trial, and it was received over objection, and error is assigned. What the transcript contained, and that it was harmful to defendants, the record does not disclose. If error be conceded, it must nevertheless be held to be without prejudice. It is not urged that it was improper to question the witness as to his testimony

in the former trial. *Battishill* v. *Humphreys,* 64 Mich. 514.

5. The declaration contained a count on trespass and a count on conspiracy. Some testimony was received during the trial under the conspiracy count. At the conclusion of the evidence the theory of conspiracy was withdrawn by the trial judge, and the jury was clearly and positively instructed to disregard all such testimony. It is apparent that plaintiff attempted evidence in good faith under such count. It is settled by the record that he did not make a case on conspiracy. Defendants urge that the prejudicial effect of the testimony could not be removed by instructions of the court. Frequently in trials a theory of recovery or of defense has to be withdrawn because of insufficient evidence to establish it as an issue, and it is not the rule that in all such cases a mistrial must follow because of prejudice. Rather, each case must be determined on its merits, of which good faith of the tendered theory of recovery or defense is not unimportant. On this record, and in view of the instructions of the trial judge, we find no reversible error.

6. Several other questions are presented, including that of waiver of the fraud. They have been considered and do not require reversal.

Judgment affirmed.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.