LUTZ v. HILL-DIESEL ENGINE CO.

1. SALES—BREACH OF WARRANTY—IMPLIED WARRANTY—STATUTES.
   In action for damages for breach of warranty in sale of power plant for boat, *held*, that, under facts, there was implied warranty of fitness for particular purpose under uniform sales act (2 Comp. Laws 1929, § 9454).

2. SAME—EXPRESS WARRANTY DOES NOT NEGATIVE IMPLIED WARRANTY UNDER STATUTE UNLESS INCONSISTENT.
   Under uniform sales act (2 Comp. Laws 1929, § 9454), express warranty or condition does not negative warranty or condition implied by statute, unless inconsistent therewith.

3. SAME—CONTRACT MAY PREVENT IMPLIED WARRANTY WHERE INCONSISTENT WITH EXPRESS WARRANTY.
   Parties may by contract, such as express warranty, inconsistent with implied warranty, prevent implication of warranty under statute (2 Comp. Laws 1929, § 9454).

4. SAME—IMPLIED WARRANTY OF FITNESS FOR PARTICULAR USE.
   Express warranty as to certain ascertainable defects of material and workmanship in sale of power plant for boat is not inconsistent with implied warranty under statute of fitness for particular purpose (2 Comp. Laws 1929, § 9454).

5. SAME—EFFECT OF PROVISION THAT CONTRACT CONSTITUTES ONLY AGREEMENT.
   Provision that contract constitutes only agreement between parties, and that there are no other verbal contracts or agreements, does not negative implied warranty of fitness for particular purpose under statute (2 Comp. Laws 1929, § 9454).

6. SAME—PARTIES MAY PREVENT IMPLICATION OF WARRANTY UNDER STATUTE.
   That parties may by contract prevent implication of warranty under statute is recognized by statute (2 Comp. Laws 1929, § 9454).

7. SAME—DAMAGES—BREACH OF WARRANTY IN CONDITIONAL SALE.
   Damages for breach of warranty in conditional sale are recoverable under uniform sales act (2 Comp. Laws 1929, § 9508).

8. SAME—OFFER TO RESTORE—RESCISSION.
   Where buyers neither restored nor offered to restore what they had received under conditional sale contract, there was no rescission by them barring right to recover for breach of warranty.

9. SAME—DAMAGES FOR LACK OF USE—EVIDENCE—RENTAL VALUE.
   Evidence of rental value was properly received in action for damages for breach of warranty in sale of power plant for boat used for commercial fishing, where buyers were deprived of use of boat.

10. APPEAL AND ERROR—FINDING SUPPORTED BY EVIDENCE CONCLUSIVE.
   Jury's finding of breach of warranty may not be disturbed, on review, where supported by evidence.

11. SAME—CURING ERROR.
   In action for damages for breach of warranty in sale of power plant for boat, error in trial judge's instruction that plaintiffs claimed engine was worthless whereas record shows they gave evidence tending to show that engine and accessories were worth $520, is rendered harmless, on review, by deducting said amount from judgment.

Error to Ingham: Collingwood (Charles B.), J. Submitted April 23, 1931. (Docket No. 145, Calendar No. 35,643.) Decided June 25, 1931.

Assumpsit by Edward Lutz and others, doing business as Edward Lutz & Sons, against Hill-Diesel Engine Company, a corporation, for breach of an implied warranty in the sale of a marine engine. Judgment for plaintiffs. Defendant brings error. Affirmed conditionally.

*Shields, Silsbee, Ballard & Jennings,* for plaintiffs.

*Kelley, Sessions & Warner,* for defendant.

CLARK, J. This is an action for damages for breach of warranty. The plaintiffs, commercial fishermen at Michigan City, had a new hull for a fishing tug, 55 feet long and 13 feet 10 inches beam, and wanted an engine, shaft, etc., therefor. They were solicited by an agent of defendant corporation, a manufacturer of Diesel engines. They informed it of every detail of the boat, the speed desired, and the proposed use. It is not seriously disputed that plaintiffs relied on defendant to provide a power plant in the boat that would do the work. An order for an engine, shaft, accessories, etc., was given to and accepted by defendant in January, 1928. The contract contained certain express warranties, as we shall see later. Delivery and installation were in March following. Testing and use of the boat were attempted several times by various officers and agents of defendant and by plaintiffs. There is plenty of evidence that the engine (including accessories) would not do the work for which it was

purchased, and the testimony has much detail. of claimed defects and of claimed lack of fitness. Plaintiffs had paid a part of the purchase price in cash, and defendant had taken title-retaining negotiable promissory notes for the remainder. Plaintiffs had considerable expense in and about getting and installing the engine in the boat and removing it therefrom, and, for a considerable period of time, they were deprived of the use of the boat in their business. Plaintiffs' total claim of damages was $10,963.13. No counterclaim was made on the notes, which are still outstanding. Plaintiffs had verdict and judgment for $9,350. Defendant has appealed.

Under the facts reviewed and under 2 Comp. Laws 1929, § 9454 (uniform sales act), there was an implied warranty of fitness for a particular purpose. See *Dunn Road Machinery Co.* v. *Charlevoix A. & Eng. Co.*, 247 Mich. 398 (64 A. L. R. 947), where this question is fully discussed.

The cited statute provides that an express warranty or condition does not negative a warranty or condition implied by the statute unless inconsistent therewith. *Pentland* v. *Jacobson*, 189 Mich. 339. It is urged that there is here such inconsistency. The express warranty is as to certain ascertainable defects of material or workmanship. The contract also contains the following, urged as an exculpatory provision:

"It is expressly agreed and hereby acknowledged that this contract constitutes the only agreement between the parties thereof and that no other verbal contracts or agreements exist between said parties."

It may be here conceded that this provision negatives any contemporaneous parol understandings or agreements between the parties in respect of the

matter, but it does not follow that it also negatives the warranty implied by the statute.

Of such implied warranty, it is said in *Bekkevold* v. *Potts,* 173 Minn. 87 (216 N. W. 790, 59 A. L. R. 1164):

"An implied warranty is not one of the contractual elements of an agreement. It is not one of the essential elements to be stated in the contract, nor does its application or effective existence rest or depend upon the affirmative intention of the parties. It is a child of the law. Because of the acts of the parties, it is imposed by the law. It arises independently and outside of the contract. The law annexes it to the contract. It writes it, by implication, into the contract which the parties have made. Its origin and use are to promote high standards in business and to discourage sharp dealings. It rests upon the principle that 'honesty is the best policy,' and it contemplates business transactions in which both parties may profit."

See, also, *S. F. Bowser & Co.* v. *McCormack,* 230 App. Div. 303 (243 N. Y. Supp. 442).

Parties may by contract prevent implication of warranty under the statute, as the statute recognizes. This may be by an express warranty inconsistent with the implied warranty. Such inconsistency does not appear in this case. *Burkett* v. *Oil Automatic Heating Corp.,* 241 Mich. 634. Frequently, implication of statutory warranty has been prevented by an exculpatory clause in the contract providing against implied or statutory warranties. *Youngs* v. *Advance-Rumely Co.,* 215 Mich. 682; *J. I. Case Threshing Machine Co.* v. *Dulworth,* 216 Ky. 637 (287 S. W. 994); *Minneapolis Threshing Machine Co.* v. *Hocking,* 54 N. D. 559 (209 N. W. 996); *Oldfield* v. *International Motor Co.,* 138 Md. 35 (113 Atl. 632); 64 A. L. R. 955, note.

We think the provision above quoted does not go to the extent of negativing the existence here of the statutory implied warranty. It means no more than that there are no oral agreements or understandings not incorporated in the written contract.

In a like case, it was held in *National Cash Register Co.* v. *Layton*, 207 Mo. App. 454 (232 S. W. 1091):

"Another contention of plaintiff is that the provision in this contract that 'this contract covers all agreements between the parties and shall not be countermanded' amounts to an agreement that there are no implied warranties or any obligation resting upon plaintiff except the obligation to repair as specified in the contract. We do not think that clause in the contract goes to that extent. It does mean that there are no oral agreements or specific understandings not incorporated in the written agreement but that would be true if this provision had not been inserted so we cannot see that this provision serves any particular purpose in connection with this contract."

See, also, *Hardy* v. *Gen. Motors Accp. Corp.*, 38 Ga. App. 463 (144 S. E. 327); *Bekkevold* v. *Potts, supra; S. F. Bowser & Co.* v. *McCormack, supra.*

Damages for breach of warranty in a conditional sale (counsel agreeing that the sale here is of that character) are now recoverable under the uniform sales act, 2 Comp. Laws 1929, § 9508. *Groenland* v. *Phœnix Sprinkler & Heating Co.*, 240 Mich. 621.

Appellant argues that this action for damages will not lie for the reason that the contract had been rescinded. No rescission is claimed except by the acts of plaintiffs. But they neither restored nor offered to restore what they had received of defendant. There was no rescission. *Joslin* v. *Noret*, 224 Mich. 240.

On the matter of damages by being deprived of the use of the boat, evidence of rental value was properly received. *Hutchinson Manfg. Co. v. Pinch,* 91 Mich. 156 (30 Am. St. Rep. 463), cited with approval *Brownell & Co. v. Chapman,* 84 Iowa, 504 (51 N. W. 249, 35 Am. St. Rep. 326), where, on a claim for damages for failure to deliver boilers for a boat, the measure of damages was held to be the rental value of the boat.

The jury's finding breach of warranty may not be disturbed. The evidence of damages was supplied by plaintiffs, and their testimony is that the engine and accessories were worth $520. Although the trial judge stated in his charge that plaintiffs had given evidence tending to show the value of the engine as represented and as it was, he also stated that plaintiffs claimed the engine in fact "was and is worthless." Whether the jury was misled we cannot say. The verdict, while it cannot be held excessive, is ample. The error goes only to amount, and can be rendered harmless by reduction.

Plaintiffs within 30 days may remit $520. Judgment for remainder will be affirmed. Otherwise new trial will be granted. In either event, appellant will have costs of this court.

Other matter considered calls for no discussion.

Affirmed conditionally.

BUTZEL, C. J., and WIEST,. McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.