## STERRETT OPERATING SERVICE, Inc., v. BAKER et al.

### No. 6075.

Court of Appeals of the District of Columbia.
Argued March 8, 1934.

Decided April 9, 1934.

Norman E. Sill, of Washington, D. C., for plaintiff in error.

A. D. Smith, of Washington, D. C., for defendants in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

This case is here on writ of error to the municipal court in an action for damages for breach of warranty.

It appears that the defendants in error, plaintiffs below, purchased from the defendant, Sterrett Operating Service Corporation, a certain three and a half ton used truck, on which a small cash payment was made and a conditional bill of sale given, under which the defendant company retained the title to the truck until the purchase price had been paid. The plaintiffs made a trip into Pennsylvania with the truck, in which the motor was discovered to be defective, and they allege that to repair the same it cost them $154.60, for which amount this suit for damages was brought.

The plaintiffs pitch their case for damages on an alleged breach of warranty, under which it is alleged that they "purchased from the defendant a 3½-ton G.M.C. truck on the guarantee of the defendant that the motor of said truck had been completely overhauled and was in first class condition." No warranty was contained in the conditional bill of sale, but it is contended that the warranty was made orally by the agent of the defendant at the time the purchase was made.

We think it unnecessary to review the testimony, as set out in the record, since the plaintiffs have failed to allege a cause of action upon which recovery could be had. Defendant, at the conclusion of the plaintiffs' evidence, moved for judgment, which motion was denied and exception reserved. A similar motion, with exception reserved, was made at the conclusion of all the testimony.

Without considering the merits of the case, it is settled law that an action for damages for breach of warranty will not lie until the title to the property has passed. The title to the property in this case, under the bill of sale, still remained in the defendant company. Assuming, without deciding, that evidence of an oral warranty, notwithstanding the written contract, would be admissible, other remedies were open to the plaintiffs. They could have refused to make payment, and in an action in replevin to recover the possession of the truck the defense of breach of warranty could be interposed (Marks v. Frigidaire Sales Corporation, 60 App. D. C. 359, 54 F.(2d) 974); or they could have continued their payments until title passed, and then brought their action to recover in damages the difference between the price agreed to be paid and the actual value, including compensation, for loss incurred in their effort in good faith to use the truck in compliance with the alleged warranty; or they could have promptly returned the property upon discovering the defect and recovered the consideration paid, or tendered the return of the property on condition that the seller return the payments received by him.

The law applicable to the present case, however, is stated in Benjamin on Sales, p. 865, under the subject of Action Upon Warranty, as follows: "An action for a breach of warranty may be maintained although the goods are not paid for, or though notes for the price are still outstanding. Aultman v. Wheeler, 49 Iowa, 647; Thoreson v. Minneapolis Harvester Works, 29 Minn. 341, 13 N. W. 156, and others. * * * But no action will lie on a warranty unless the title has fully passed to the buyer. Therefore, where the sale was conditional on payment of the full price which was due in installments, and the last installment had not been paid, it was held in Frye v. Milligan, 10 Ont. R. 509 (1885), that no remedy yet existed on the warranty."

The same rule is announced in 24 Ruling Case Law, p. 156, § 429, and in support of the rule are cited Bunday v. Columbus Machine Co., 143 Mich. 10, 106 N. W. 397, 5 L. R. A. (N. S.) 475; New Hamburg Mfg. Co. v. Webb, 23 Ont. L. Rep. 44, 20 Ann. Cas. 817, and note; Peuser v. Marsh, 218 N. Y. 505, 113 N. E. 494, Ann. Cas. 1918B, 913.

The judgment is reversed, with costs.