WESTERN CONSTRUCTION COMPANY *v.* R. G. MOELLER COMPANY.

1. SALES—IMPLIED WARRANTY OF FITNESS—BREACH—EVIDENCE— ROAD CONSTRUCTION MACHINERY.

Trial court's finding of an implied warranty of fitness of machinery to do the work required of plaintiff contractor for the State highway department and of a breach of such warranty *held*, established by record showing that plaintiff informed defendant of the use to which the machinery was to be put, relied upon judgment of the defendant to furnish a machine suitable for the purpose of constructing highways, and that the machine furnished did not do such work (CL 1948, § 440.15).

2. SAME—IMPLIED WARRANTY OF FITNESS—EXPRESS WARRANTY AS TO CONDITION.

An implied warranty of fitness of a machine to perform certain work of which the seller was informed the buyer was buying it to perform is not inconsistent with express warranties as to freedom from defects in material and workmanship (CL 1948, § 440.15).

3. SAME—IMPLIED WARRANTY OF FITNESS—SALE OF PATENTED ARTICLE.

Provision of uniform sales act that there is no implied warranty as to fitness for any particular purpose in the case of a contract to sell or a sale of a specified article under its patent or trade name *held*, inapplicable, where sale of Lewis finishing machine to plaintiff buyer followed a relation to defendant seller of the use to which the machinery was to be put and reliance by the buyer on the seller's judgment to furnish a machine suitable for the purpose of constructing highways (CL 1948, § 440.15[4]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  46 Am Jur, Sales § 349.
[2]  46 Am Jur, Sales §§ 313, 333, 349.
[3]  46 Am Jur, Sales §§ 344, 349.
[4, 5]  46 Am Jur, Sales § 738.
[6]  46 Am Jur, Sales §§ 738, 740.
[7]  20 Am Jur 2d, Costs § 16.

4. SAME—IMPLIED WARRANTY OF FITNESS—MEASURE OF DAMAGES
   FOR BREACH.
   The proper measure of damages for the breach of an implied
   warranty of fitness is the difference in value of the article as
   represented and its actual value at time of sale (CL 1948,
   § 440.15).

5. SAME—CONSEQUENTIAL DAMAGES—EVIDENCE.
   Evidence adduced in action for breach of implied warranty of
   fitness of machine to do work for which it was purchased
   *held,* to sustain trial court's award of consequential damages.

6. SAME—IMPLIED WARRANTY OF FITNESS—DAMAGES—EVIDENCE.
   Proof of sale price and salvage value is insufficient to sustain
   award of damages for breach of an implied warranty of fitness
   of road construction machine to do work for which it was
   purchased, hence, cause is remanded for taking further testi-
   mony to establish difference between value of the machine as
   represented and its actual value at time of sale (CL 1948,
   § 440.15).

7. COSTS—NEITHER PARTY PREVAILING—BREACH OF IMPLIED WAR-
   RANTY OF FITNESS.
   No costs are allowed on appeal to Court of Appeals, where
   neither party has prevailed in action for damages for breach
   of implied warranty of fitness of road construction machinery
   (CL 1948, § 440.15).

Appeal from Wayne; Bowles (George E.), J.
Submitted Division 1 April 7, 1965, at Detroit.
(Docket No. 374.)  Decided June 21, 1965.

Declaration by Western Construction Company, a
Michigan copartnership, composed of Anthony Vit-
tiglio, Frank Cardillo, and John DeGeorge, against
R. G. Moeller Company, a Michigan corporation, for
breach of warranties arising out of the sale of con-
struction equipment.  Judgment for plaintiff.  De-
fendant appeals.  Affirmed in part and remanded
for ascertainment of damages.

*J. Leonard Hyman,* for plaintiff.

*Charles W. McDonald* and *David E. Kull,* for de-
fendant.

Watts, P. J. This is a civil proceeding brought by plaintiff to recover damages for breach of express and implied warranties arising out of the purchase of highway paving machinery. Judgment, with costs, rendered for plaintiff; defendant appeals. Cause was heard by judge without jury.

A few days prior to April 27, 1959, Edgar Hubler, a representative of Concrete Machinery Limited (manufacturer of Lewis finishing machine) and a Mr. Chapman, a salesman for defendant R. G. Moeller Co., called upon plaintiff, a highway construction contractor, to interest plaintiff in the purchase of highway construction machinery. Plaintiff informed Messrs. Hubler and Chapman that said machinery was to be used in building highways (freeways).

Plaintiff-appellee contends that it relied on defendant to provide highway construction machinery which would do the work required by the Michigan State highway department and that it relied on the express warranties in the written contract, the pertinent part of which reads as follows:

"We warrant every new machine or part thereof, to be free from defects in material and workmanship, subject to replacement free of charge, f.o.b. factory, and in case of accident only to the extent of the broken parts, if defects develop within 90 days, upon return of the broken parts, prepaid to factory. We assume no liabilities for damages on account of delays, nor will we make allowances for repairs or alterations, unless same are made with our written consent or approval."

Plaintiff-appellee further contends that the implied and express warranties arising out of the purchase of highway paving machinery were breached by defendant.

It is the contention of defendant-appellant that the claims made for the Lewis finishing machine in the brochure were representations of the manufacturer and did not constitute warranties of defendant; further, that the uniform sales act, CL 1948, § 440.15(4) (Stat Ann 1959 Rev § 19.255[4]) is applicable to the facts in the instant case; further that the liability of defendant-appellant was limited by the terms of the express warranties contained in the written contract and that the trial court extended plaintiff's recovery beyond this limitation; and further, that plaintiffs did not sustain the burden of proving damages.

The principal question involved is whether there is an implied warranty that the machine was reasonably fit for the purpose for which it was purchased. Decision requires consideration of the uniform sales act, CL 1948, § 440.15 (Stat Ann 1959 Rev § 19.255) :*

"(1) Where the buyer, expressly or by implication makes known to the seller the particular purpose for which the goods are required and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose. * * *

"(4) In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose. * * *

"(6) An express warranty of condition does not negative a warranty or condition implied under this act unless inconsistent therewith."

The facts are clear in the instant case that plaintiff-appellee relied on the judgment of defendant to

---

* In effect and applicable to this case. Repealed in its entirety by PA 1962, No 174, uniform commercial code, effective January 1, 1964. Substance of the above provisions appear in PA 1962, No 174 at §§ 2314, 2315, 2317 (CL 1948, §§ 440.2314, 440.2315, 440.2317 [Stat Ann 1964 Rev §§ 19.2314, 19.2315, 19.2317]).

furnish a machine suitable for the purpose of constructing highways and that the machine did not do the work for which it was purchased notwithstanding the many man-hours spent on the said machine by mechanics and representatives of plaintiff, defendant, and the manufacturer in an attempt to bring the performance of the machine up to acceptable standards.

Such a record establishes the propriety of the trial court's finding that there was an implied warranty of fitness and that it was breached. *Dunn Road Machinery Co.* v. *Charlevoix Abstract and Engineering Co.* (1929), 247 Mich 398 (64 ALR 947). The express warranties refer to certain ascertainable defects of material and workmanship and are in no way inconsistent with the implied warranty of fitness. *Lutz* v. *Hill-Diesel Engine Co.* (1931), 255 Mich 98. The record also demonstrates that CL 1948, § 440.15(4) (Stat Ann 1959 Rev § 19.255[4]) has no application here.

There is merit to defendant-appellant's contention that plaintiff did not sustain the burden of proving damages. The proper measure of damages was adopted, *viz:* the difference between the value of the machine as represented and its actual value at time of sale. The only proof on this point was sale price and salvage value. This is insufficient to support the award. There is evidence to sustain the trial court's award as to consequential damages and it will not be disturbed.

The trial court is sustained with respect to its finding that the implied and express warranties arising out of the purchase of this highway paving machine have been breached by defendant. The cause is remanded to the Wayne county circuit court for the purpose of taking further testimony to establish the difference between the value of the ma-

chine as represented and its actual value at time of sale. Neither party having prevailed, no costs are allowed.

J. H. GILLIS and QUINN, JJ., concurred.