THE NATIONAL CASH REGISTER COMPANY v ADELL
INDUSTRIES, INC.

1. SALES—CONTRACTS—IMPLIED WARRANTY OF FITNESS—BUYER'S PUR-
   POSE—SELLER'S KNOWLEDGE—SELLER'S JUDGMENT.

   A machine was covered by an implied warranty of fitness for a
   particular purpose where the buyer purchased the machine
   primarily to enable it to reduce the number of work hours
   involved in preparing its payroll, the seller knew at the time of
   contracting the purpose for which the machine was required,
   and the buyer relied on the seller's judgment to furnish a
   machine suitable for such purpose (MCLA 440.2315).

2. SALES—CONTRACTS—IMPLIED WARRANTY OF FITNESS—EXCLUSION OF
   WARRANTY—EXPRESS WARRANTY.

   An implied warranty of fitness for a particular purpose was not
   negated by a nonconspicuous provision of the written contract
   which contained express warranties and provided that these
   warranties were exclusive of all other warranties whether
   written or implied (MCLA 440.2316[2]).

3. SALES—CONTRACTS—IMPLIED WARRANTY OF FITNESS—BUYER'S PUR-
   POSE—BREACH—OPPORTUNITY TO CORRECT.

   An implied warranty that a machine was fit for the purpose of
   getting out an accurate payroll on time was breached where
   the machine malfunctioned, the malfunctioning continued after
   the seller was given a reasonable opportunity to correct its
   defects, and the machine did not and could not solve the
   buyer's problem of getting an accurate payroll out on time.

4. SALES—CONTRACTS—IMPLIED WARRANTY OF FITNESS—BREACH—
   REMEDIES—REVOCATION—LIMITATION OF REMEDIES.

   Revocation was a proper remedy for breach of an implied war-
   ranty of fitness where a contractual limitation on the remedy
   available to the buyer which limited the buyer's remedy to
   repair and replacement of nonconforming goods or parts did

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 67 Am Jur 2d, Sales § 472.
[2] 67 Am Jur 2d, Sales § 495.
[4] 67 Am Jur 2d, Sales § 673.

not apply to the implied warranty, and where nothing short of
an effective right of revocation would satisfy the purpose of the
implied warranty of fitness for a particular purpose (MCLA
440.2608, 440.2719).

Appeal from Oakland, William P. Hampton, J.
Submitted Division 2 June 27, 1974, at Detroit.
(Docket No. 18138.) Decided January 7, 1975.

Complaint by The National Cash Register Company against Adell Industries, Inc., for the purchase price of an accounting machine. Defendant counterclaimed for damages. Judgment for defendant on the complaint and for plaintiff on the counterclaim. Plaintiff appeals. Affirmed.

*Joslyn & Keydel,* for plaintiff.

*Bolle, Gase, Gilleran & Williams,* for defendant.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

CHURCHILL, J. On April 30, 1969, by written contract, the plaintiff sold and the defendant purchased an accounting machine for $23,444.72. The machine was delivered and installed on November 26, 1969. On January 6, 1970, the defendant gave the plaintiff notice of revocation of the contract. The plaintiff brought this action to recover the purchase price. The defendant filed a counterclaim for damages. From a judgment of no cause of action on both claims, the plaintiff appeals.

After the close of proofs in the non-jury trial the court filed a written opinion, with findings which may be summarized as follows:

The defendant purchased the machine for a number of bookkeeping operations, but its primary

---

* Circuit judge, sitting on the Court of Appeals by assignment.

purpose was to enable the defendant to substantially reduce the number of work hours involved in preparing its payroll and to enable the defendant to get its payroll out on time. The plaintiff at the time of contracting knew the purpose for which the machine was required. The defendant relied on the plaintiff's judgment to furnish a machine suitable for such purpose.

The machine was timely delivered. The target date for completion of all systems except accounts payable was January 1, 1970.

When the machine was delivered it did not function properly because the plaintiff had furnished the wrong sized paper supplies. The plaintiff was notified by telegram of the defendant's dissatisfaction. After the supply problem was worked out an attempt to use it to run a dummy payroll under the direction of an employee of the plaintiff was unsuccessful because the machine made numerous mathematical mistakes. When the defendant attempted to use the machine to produce its first payroll to be distributed in 1970, the machine made a large number of serious errors. Names and deductions were omitted. Such errors occurred in four out of six checks. The plaintiff made up its payroll with its old machine. The plaintiff knew of the defendant's difficulties with the machine.

Although there was conflicting evidence, our review of the records satisfies us that none of the trial court's findings are clearly erroneous. GCR 1963, 517.1.

The court concluded that: (1) there was an implied warranty of fitness; (2) that the implied warranty was breached; (3) that revocation was the appropriate remedy for such a breach; and, (4) that the defendant had failed to establish damages

on its counterclaim. On appeal the plaintiff challenges the first three conclusions.

Was there an implied warranty of fitness for a particular purpose?

The court's findings squarely fit the statute, which reads:

"Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose." MCLA 440.2315; MSA 19.2315.

A non-conspicuous provision of the written contract contained an express warranty against defects in material, workmanship and operational failure from ordinary use, and it provided that such warranties were exclusive of all other warranties whether written or implied. Relying upon 2-316 of the Uniform Commercial Code, the court correctly concluded that the implied warranty of fitness was not negated. MCLA 440.2316(2); MSA 19.2316(2). We affirm the court's conclusion that there was an implied warranty of fitness for a particular purpose.

Was there a breach of the implied warranty of fitness?

Certainly, every mechanical failure in a new and complex machine does not constitute such a breach. Here, the malfunctioning was continuous. Whether the plaintiffs could have made it functional is not the issue. The machine's malfunctions continued after the plaintiff was given a reasonable opportunity to correct its defects. In *Western Construction Co v R G Moeller Co,* 1 Mich App 230; 135 NW2d 569 (1965), the machine continued

to malfunction notwithstanding many man-hours spent on it by mechanics and representatives of the buyer, seller and manufacturer. This Court affirmed the trial court's determination that there had been a breach of an implied warranty of fitness. Would it have been less a breach had the seller and manufacturer failed to even try to make it work? Obviously not.

The court herein found that this particular delivered and installed machine did not and could not solve the defendant's problem of getting an accurate payroll out on time, which was the purpose for which it was purchased. We find no error in its conclusion that the implied warranty was breached.

Was revocation a proper remedy for breach of the implied warranty of fitness?

But for a possible contractual limitation on the remedy available to defendant, the right to revoke the contract is specified in the code. MCLA 440.2608; MSA 19.2608.

The paragraph containing the express warranty (above mentioned) contained the following language:

"Your obligation if the equipment does not meet these warranties is limited solely to correcting the defect or failure, without charge."

The code does authorize parties to limit a buyer's remedies to repair and replacement of nonconforming goods or parts, but the same section provides that: "Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this act." MCLA 440.2719; MSA 19.2719.

In our opinion the contractual limitation did not apply to the implied warranty, but even if it did

the defendant's remedy of revocation is saved, because nothing short of an effective right of revocation would ordinarily satisfy the essential purpose of an implied warranty of fitness for a particular purpose.

The remedy applied by the court was appropriate.

Affirmed. Costs to plaintiff-appellant.

All concurred.