NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0497n.06

No.  11-2590

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 16, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ADMIRAL CONSTRUCTION AND MAINTENANCE, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| CUMMINS, INC., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | | |

Before:     **KEITH, CLAY, and ROGERS, Circuit Judges.**

**PER CURIAM**.  Plaintiff-Appellant Admiral Construction and Maintenance appeals from a district court order granting summary judgment and dismissing its claims of breach of express warranty and failure of the warranty's essential purpose against Defendant-Appellee Cummins.  For the following reasons, we affirm the district court.

On June 12, 2008 Admiral purchased a truck from VIP Truck Center for $120,809.80. Cummins manufactured the truck's engine.  Eaton Corporation manufactured the truck's transmission.  Volvo Trucks North America, Incorporated manufactured and assembled the truck, which contained Cummins's engine and Eaton's transmission.  The engine was covered by Cummins's express warranty from June 12, 2008 until June 12, 2010.  Additionally, the truck was covered by Volvo's express warranty and the transmission was covered by Eaton's express warranty.

Although Admiral Construction purchased the truck, Admiral Trucking was the only business that ever used the truck. Admiral Trucking is not and has never been a party in this case.[1]

In the district court proceedings, Admiral alleged that the truck was defective and sued Cummins, Eaton, and Volvo for breach of warranty theories under the Michigan Uniform Commercial Code.[2] On appeal, Admiral argues that there is a genuine question of material fact that Cummins breached the warranty and that the warranty failed of its essential purpose. Because Admiral's failure to identify an engine defect is fatal to its breach of express warranty claim and its failure to identify unanticipated circumstances that prevented Cummins from performing its obligations under the warranty is fatal to Admiral's claim of failure of essential purpose, we affirm the district court's judgment.

Admiral Trucking is in the business of hauling loads across the United States. There were no problems with the truck during the first three months Admiral used it. Then, on October 2, 2008, Admiral had the truck serviced to increase the cruise control setting to eighty-seven miles per hour. Eight days later, the transmission had to be totally replaced. Eaton's warranty covered the transmission replacement and Volvo's warranty covered the extensive clutch repairs that the truck subsequently required. During the warranty period, Admiral drove the truck about 230,000 miles.

---

[1]Admiral Trucking and Admiral Construction are connected by a common owner. Tadeusz Frontczak is a co-owner of Admiral Construction and the only owner of Admiral Trucking. We will only distinguish between the two Admiral entities when necessary; otherwise we will simply refer to "Admiral" in this opinion.

[2]Volvo settled with Admiral. The district court granted both Eaton's and Cummins's motions for summary judgment. Admiral only appeals the district court's grant of summary judgment to Cummins.

During the warranty period non-party Admiral Trucking paid for $3,222.22 worth of repairs and Cummins paid for $8,735.86 worth of repairs. Additionally, Cummins covered $1,235.28 worth of repairs incurred after the warranty period. Plaintiff-Appellant Admiral Construction has never paid for any repairs to the truck or engine.

Admiral alleges that Cummins's repairs never cured the engine's problems. Frontczak also alleges that the engine's problems remained unresolved until September of 2011, when he sold the truck after driving it a total of 320,000 miles.

The warranty at issue covered the engine for "failures of the engine which result under normal use and service, from defects in material or factory workmanship (Warrantable Failure)." The warranty explicitly disclaimed coverage for the following conditions:

> [F]ailures or damage resulting from what Cummins determines to be abuse or neglect, including, but not limited to: operation without adequate coolants or lubricants; overfueling; overspeeding; lack of maintenance of lubricating, cooling, or intake systems; improper storage; starting warm-up, run-in or shutdown practices; unauthorized modifications of the engine. Cummins is also not responsible for failures caused by incorrect oil, fuel, or catalytic reagent or by water, dirt, or other contaminants in the fuel, oil, or catalytic reagent.

After the transmission replacement, Frontczak complained repeatedly to Cummins about engine noise, that the engine ran rough, and that the engine overheated. Frontczak testified that the truck had problems when traveling across mountainous areas in hot weather on trips to California. Frontzcak estimated that the truck made about ten trips to California during the time he owned it. As a result of Frontczak's various complaints, Cummins, Eaton, and Volvo serviced the truck a total of eighteen times during the warranty period. After each repair, Admiral accepted the truck and was

able to continue its business. On appeal, Admiral argues that Cummins' repairs did not cure the engine's unresolved defects.

In this diversity action, we apply Michigan substantive law and federal procedural rules. *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 571 (6th Cir. 2008). We review *de novo* a district court's decision to grant a summary judgment motion. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying the parts of the record that show the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party seeks summary judgment on an issue for which it does not bear the burden of proof at trial, the moving party may meet its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. When the moving party has carried this burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party may not rest upon its mere allegations, but rather must set out specific facts showing a genuine issue for trial. *Id*.

In evaluating the evidence, the court must draw all inferences in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

To prevail on appeal, Admiral must show that there is a genuine dispute that the engine had a defect or that the warranty failed of its essential purpose. Admiral has failed to do either. Admiral argues that there is a genuine question of material fact that Cummins breached the express Warranty. We disagree. Michigan has adopted the Uniform Commercial Code's express warranty provisions. Mich. Comp. Laws §§ 440.2101–2725, 2313. Where a buyer accepts tender of the goods, the buyer bears the burden of establishing the seller's breach. § 440.2607(4). The warranty in this case required Cummins to repair warrantable failures of the engine. The warranty defined warrantable failure as "any failures of the Engine which result . . . from defects in material or factory workmanship."

Here, the record shows that every time the mechanics found engine defects during the warranty period, Cummins covered the cost of those repairs. The record also indicates that Admiral was able to make extensive use of the engine, driving the truck about 230,000 miles during the warranty period. Although Frontzcak testified that the truck had problems during his ten trips to California, the bare fact that a complex product required some service is insufficient to establish breach. *Nat'l Cash Register v. Adell*, 225 N.W.2d 785, 787 (Mich. Ct. App. 1975). Cummins's repeated coverage of repairs shows that it did honor the warranty. *Computer Network, Inc. v. AM Gen. Corp.*, 696 N.W.2d 49, 54 (Mich. Ct. App. 2005) (holding that there was no material question of fact with respect to breach of warranty where repairs were made the seventeen times the vehicle needed service over thirty months). Cummins has met its burden to identify the parts of the record that show the absence of any genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Therefore, to prevail on appeal, Admiral must put forth "significant probative evidence" that

Cummins did not repair warrantable failures of the engine. *Id.*, at 325; *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993) (holding that the non-movant must present "significant probative evidence" to defeat a motion for summary judgment once the burden of production has shifted).

The Warranty identified warrantable failures of the engine as "defects in material or factory workmanship." Admiral has failed to show a defect in the engine. Admiral alleges that Cummins' repairs never cured the engine's ongoing defects. Yet Admiral accepted the truck and was able to carry on its business every time after Cummins serviced the engine. Because Admiral accepted the truck, Admiral had a duty to seasonably notify Cummins of any defect in the engine. § 440.2607(4), (3)(a). However, nowhere in the record does Admiral even allege a specific engine defect. Rather, Frontzcak only testified about ambiguous symptoms pertaining to the truck generally. Further, the record shows that on certain occasions when Frontczak complained of problems with the engine, mechanics were unable to find any failures of or defects in the engine. Admiral has, therefore, failed to put forth "significant probative evidence" that Cummins breached the warranty because it cannot identify an engine defect. *Moore*, 8 F.3d at 339–40. We affirm the district court's grant of summary judgment as to the breach of warranty claim.

Admiral has also failed to show that there is a genuine issue of material fact that the warranty failed of its essential purpose. To prevail on a claim that a warranty failed its essential purpose, a plaintiff must first make a threshold showing that unanticipated circumstances precluded the seller from providing the buyer with the remedy to which the parties agreed. *Price Bros. Co. v. Charles J. Rogers Constr. Co.*, 304 N.W.2d 584, 586–87 (Mich. Ct. App. 1981). The remedy to which Cummins and Admiral agreed is that Cummins would provide repairs to the engine for warrantable

failures during the warranty period. Admiral presented no proof that unanticipated circumstances prevented Cummins from repairing the engine. Every time Admiral presented the engine and mechanics found a defect in the engine, Cummins repaired it and Admiral subsequently accepted the truck. *See Kovack v. Daimler Chrysler Corp.*, No. 265761, 2006 WL 1293213, at *2 (Mich. Ct. App. May 11, 2006) (holding that where the seller repaired the vehicle under the warranty when the buyer requested and the buyer subsequently accepted the vehicle, there were no unanticipated circumstances that prevented the seller from providing the buyer the remedy to which they had agreed). Admiral's failure to show the existence of unanticipated circumstances is fatal to its claim that the warranty failed of its essential purpose, and reversal is unwarranted.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.